IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

APR 17 2008

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Petitioner, | ) | |
| v. | ) | CIVIL ACTION NO. 08-MC-84 |
| ROBERT A. MCNEIL | ) | |
| Pro Se Respondent. | ) | |

**RESPONSE TO PETITION TO ENFORCE INTERNAL REVENUE**

**SERVICE SUMMONSES**

TO THE HONORABLE JUDGE OF THE COURT:

Robert A. McNeil declares to this Honorable Court the following:

Robert A. McNeil, residing at 4400 Memorial Dr. #1200, Houston, Texas, Harris County, is the Respondent. The Respondent is an individual and a natural person, and is not acting in any corporate capacity and Respondent has never acted in a corporate

capacity. The Respondent is a Pro Se Respondent, acting without benefit of counsel at the present time. The Respondent is held to a less stringent standard than professional attorneys. See **Haines v Kerner**, 404 US 519-521 (1972).

Respondent acknowledges the jurisdiction of this Honorable Court to hear the facts, review the evidence, and issue a judgment in the action before it.

On or about March 6, 2008, Respondent received by U. S. mail a copy of this Court's **ORDER TO SHOW CAUSE**, attached hereto and annexed as Respondent's **Exhibit "R-34"**. The Order required Respondent, within 20 days of receipt of a "petition and exhibits", to "file with the court and serve on the Internal Revenue Service a written response containing specific facts rebutting the case for the enforcement of the summons or demonstrating that enforcement of the summons would be an abuse of process." The Order referenced Civil Action No. 08-MC-84.

Twenty-three (23) days later, on Saturday, March 29, 2008, Respondent was served, at his residence, a copy of this Court's **ORDER TO SHOW CAUSE and Petitioner's PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONSES**, by Mr. Roger Caris, IRS Revenue Officer. The Petition referenced Civil Action No. 08-MC-84. Attached to the Petition were the following additional documents:

- **Exhibit 1** – Declaration by Roger Caris, Internal Revenue Service Revenue Officer, dated October 26, 2007, regarding the Internal Revenue Service Summons issued September 19, 2007 seeking information for tax year 2002. (2 pages)

- **Exhibit 2** – A copy of the Internal Revenue Service Summons issued September 19, 2007, with attached "Certificate of Service of Summons". (2 pages)

- **Exhibit 3** – Declaration by Roger Caris, Internal Revenue Service Revenue Officer,

dated   October   26,   2007,   regarding   the
Internal Revenue Service Summons issued July
25, 2007 seeking information for tax years
2003, 2004, 2005, and 2006.  (2 pages)

- **Exhibit 4** – A copy of the Internal Revenue
  Service Summons issued July 25, 2007, with
  attached   "Certificate   of   Service   of
  Summons".  (2 pages)


Copies of all of the documents served are attached
hereto and annexed as **Exhibit "R-35"**.


Respondent  declares  to  this  Honorable  Court  the
following facts:

1. That  Respondent  has  never  been  audited  by  the
   Internal Revenue Service.
2. That Respondent has never been arrested.
3. That  Respondent  has  never  been  indicted  for  any
   crime.

4. That, on July 25, 2005, Petitioner prepared and sent to Respondent, by U.S. mail, a "Proposed Individual Income Tax Assessment" for tax year 2002, attached hereto and annexed as **Exhibit "R-01"**. Said document was prepared from Form 1099 data that Petitioner had in its possession, and has in its possession to this date.

5. That, since receiving the "Proposed Individual Income Tax Assessment" for tax year 2002, Respondent has sent letters to numerous Internal Revenue Service Operations Managers, providing evidence in the U.S. Constitution, in law, and in numerous Supreme Court rulings supporting Respondent's claims that he has no taxable income and, therefore, no Federal tax liability for any tax year, and demanding that the Internal Revenue Service provide evidence refuting Respondent's claims. Included in those letters was an "Affidavit of Authority" demanding that Petitioner provide legal evidence of its authority to assess

federal income taxes against Respondent.  Copies of relevant documents are attached hereto and annexed as follows:

- **Exhibit "R-02"**

- **Exhibit "R-05"**

- **Exhibit "R-06"**

To date, Petitioner has refused to provide evidence of it's authority or to refute any of the issues raised in Respondent's letters.

6.  That, despite Respondent's numerous letters providing evidence in the U.S. Constitution, in law, and in numerous Supreme Court rulings supporting Respondent's claims that he has no taxable income and, therefore, no Federal tax liability for any tax year, Petitioner prepared and submitted to Respondent a "Notice of Deficiency", attached hereto and annexed as **Exhibit "R-03"**.

7.  That Respondent filed a timely "Petition for Redetermination" with the U.S. Tax Court on January

13, 2006, attached hereto and annexed as **Exhibit "R-04"**.

8. That, prior to trial, Respondent cooperated with Petitioner's Counsel to determine certain stipulated items, as required by the Tax Court. Relevant documents are attached hereto and annexed as follows:

- **Exhibit "R-07"**
- **Exhibit "R-08"**
- **Exhibit "R-09"**
- **Exhibit "R-10"**
- **Exhibit "R-11"**

9. That Respondent filed a "Motion to Dismiss" with the U.S. Tax Court, citing lack of subject matter jurisdiction. Said document is attached hereto and annexed as **Exhibit "R-12"**.

10. That the Tax Court initially denied Respondent's "Motion to Dismiss", as evidenced in documentation attached hereto and annexed as **Exhibit "R-13"**.

11. That, after Respondent contacted the Tax Court and conducted a telephone conference with the Judge and Petitioner's Counsel, the Judge granted Petitioner's motion and issued "Order of Dismissal and Decision", attached hereto and annexed as **Exhibit "R-14"**. It should be noted that the Judge heard no sworn testimony and examined no evidence in reaching his decision.

12. That, on February 9, 2007, Mr. Roger Caris, IRS Revenue Officer, issued a letter to Respondent, notifying him that Mr. Caris was contacting certain third parties to obtain information about his tax returns, attached hereto and annexed as **Exhibit "R-15"**.

13. That, on March 16, 2007, Respondent sent a letter to Mr. Caris requesting that he provide Respondent with a listing of the third parties being contacted to obtain information about Respondent, as required by law. To date, Mr. Caris has refused to provide

such information. Documentation is attached hereto and annexed as **Exhibit "R-17"**.

14. That Petitioner disregarded Respondent's evidence in the law and the relevant Supreme Court and Appellate Court decisions, and initiated certain punitive actions against Respondent. Such actions included levying and confiscating Respondent's assets, and threatening and harassing Respondent's clients. Evidence of such actions are attached hereto and annexed as follows:

- **Exhibit "R-16"**
- **Exhibit "R-18"**
- **Exhibit "R-19"**
- **Exhibit "R-25"**
- **Exhibit "R-33"**

Such actions damaged Respondent's standing in the business community to the point that at least one client has refused to engage Respondent for any future projects, thereby depriving Respondent of

his most basic right….. the right to contract and work where and for whom he chooses.

15. That Roger Caris, IRS Revenue Officer committed perjury in his Declarations when he falsely stated that the Internal Revenue Service did not have in its possession the information necessary to determine Respondent's alleged tax liability for tax years 2002, 2003, 2004, 2005, and 2006. Please refer to the documentation provided by the Internal Revenue Service, attached hereto and annexed as **Exhibit "R-01 page 5" and Exhibit "R-20"**, as evidence that the Internal Revenue Service has in its possession all of the information necessary to determine Respondent's alleged tax liability for tax years 2002, 2003, 2004, 2005, and 2006.

16. That Respondent has issued four (4) timely, written, complete responses to the Internal Revenue Service Summonses dated July 25, 2007 and September 19, 2007, offering evidence in the law and the relevant Supreme Court and Appellate Court

decisions supporting Respondent's position that he has no tax liability.  Said responses, along with relevant case law, are attached hereto and annexed as follows:

- **Exhibit "R-21"**

- **Exhibit "R-22"**

- **Exhibit "R-24"**

- **Exhibit "R-26"**

- **Exhibit "R-27"**

- **Exhibit "R-30"**

- **Exhibit "R-31"**

- **Exhibit "R-32".**

17. That Petitioner's Counsel filed a false Petition, and Roger Caris, Revenue Officer committed perjury, by falsely stating that Respondent failed to comply with the Summonses dated July 25, 2007 and September 19, 2007.  Evidence is attached hereto and annexed as **Exhibit "R-35 page 5"**, **Exhibit "R-35 page 7" and Exhibit "R-35 page 11"**.  **Also, p**lease see the documents referenced in Paragraph 16 for

evidence that Respondent provided timely, written, complete responses to the Internal Revenue Service Summonses.

18. That Respondent attended three face-to-face meetings with Mr. Roger Caris, Internal Revenue Service Revenue Officer, providing sufficient evidence in law, and citing relevant Supreme Court and Appellate Court decisions, supporting Respondent's claim that he had no taxable income and, therefore, no Federal tax liability for tax years 2002, 2003, 2004, 2005, and 2006, and was not required to provide the information sought by the Summonses.  In response to Respondent's questions, Mr. Caris repeatedly stated that he did not know the section of the U.S. Code that authorized him to issue the Summonses or the section of the U.S. Code that required Respondent to file a Federal income tax return.  Audio recordings were made of each of these meetings by both Respondent and Mr. Caris. Copies of Respondent's audio recordings are

provided on CD as **Exhibit "R-37", Exhibit "R-38", and Exhibit "R-39".**

19. That, despite Respondent's timely and complete responses to the Summonses dated July 25, 2007 and September 19, 2007, offering evidence in the law and the relevant Supreme Court and Appellate Court decisions, supporting Respondent's position that he has no tax liability, Petitioner's Counsel issued two (2) letters to Respondent, threatening action in Federal District Court for failure to comply. Please refer to the documents attached hereto and annexed as **Exhibit "R-23", and Exhibit "R-28".**

20. That, as a direct result of Petitioner's persistent disregard for Respondent's evidence in the law and the relevant Supreme Court and Appellate Court decisions supporting Respondent's position that he has no tax liability; Petitioner's consistent refusal to provide evidence of its authority; as well as the punitive actions taken against Respondent, including levying and confiscating

Respondent's assets, and threatening and harassing Respondent's clients, Respondent issued a "Constructive Notice of Fraud" to Roger Caris, IRS Revenue Officer, and R. Scott Shieldes, U.S. Department of Justice, Special Assistant U.S. Attorney. Said "Notice", dated October 24, 2007, informed Mr. Caris and Mr. Shieldes of their violations of the U.S. Constitution and the law and demanded that they admit or deny certain claims. To date, neither party has responded to the "Notice" and are, therefore, in default. Said "Notice" is attached hereto and annexed as **Exhibit "R-29"**.

21. That Petitioner's actions demonstrate a consistent pattern of abuse of process spanning the period July 2005 to present.

22. That, as a direct result of Petitioner's actions, in the face of evidence in the U.S. Constitution, in law, and in numerous Supreme Court rulings supporting Respondent's claims that he has no

taxable income and, therefore, no Federal tax liability for any tax year, Respondent has reason to believe that Petitioner is gathering evidence to charge Respondent with a crime.

23. That Respondent believes that, should this Court compel Respondent to comply with the Internal Revenue Service Summonses dated July 25, 2007 and September 19, 2007, that action, in itself, would violate Respondent's Fifth Amendment protection against self-incrimination.

24. That, after hearing Respondent's testimony and reviewing the evidence provided, should this Court compel Respondent to comply with the Internal Revenue Service Summonses dated July 25, 2007 and September 19, 2007, that action, in itself, would constitute an abuse of process.

NOW   COMES   THE   RESPONDENT,   Robert   A.   McNeil, presenting   the   following   **Respondent's   Answer   To Petition To Enforce Internal Revenue Service Summonses** to this Honorable Court, and presenting the following:

## I.

## The Internal Revenue Service Petition is defective

## and should not be enforced.

On Saturday, March 29, 2008, Respondent was served, at his residence, a copy of this Court's **ORDER TO SHOW CAUSE** and Petitioner's **PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONSES**, by Mr. Roger Caris, IRS Revenue Officer.  The Petition referenced Civil Action No.  08-MC-84.   Said Petition, attached hereto and annexed as **Exhibit "R-35"**, contained no date and no original, written signature.

On April 11, 2008, Respondent went, in person, to the Clerk of Court at 515 Rusk Avenue, Houston, Texas and requested a copy of the original Petition that had

been filed with the Court.    Respondent received a copy of the Petition, but it contained no date or original, written signature in the body of the document, but did contain a header indicating that it was filed electronically on March 4, 2008.    The signature block contained the following notation: "_/S/ M. Kathryn Bellis".    Respondent was informed by Clerk's personnel that the Petition had been electronically filed and that electronically filed documents do not require a signature.    Respondent noted, however, that, according to Question 5 of the "District Court Electronic Filing – Frequently Asked Questions", the original document containing the original, written signatures must be retained by Petitioner.

On April 14, 2008, Respondent telephoned Petitioner's Counsel and requested that Counsel fax a copy of the original, signed Petition to Respondent for his records.    Counsel provided said document in a timely manner.    Said Petition is attached hereto and annexed as **Exhibit "R-40"**,

Respondent reviewed the original Petition and noted that the signature line on **Exhibit "R-40 page 4"** contained the original, written signature of M. Kathryn Bellis, Special Assistant, U.S. Attorney.   The Petition, however, contained no date in the body of the document, causing it to be defective.

WHEREFORE, Respondent respectfully prays that this Honorable Court deny Petitioner's defective Petition and not compel Respondent to comply with the IRS Summonses dated July 25, 2007 and September 19, 2007. Should this Court compel Respondent to comply with the defective Petition, that action, in itself, would constitute an abuse of process.

## II.

## The Internal Revenue Service Summons, dated July 25th, 2007, is defective, and should not be enforced.

On Saturday, March 29, 2008, Respondent was served, at his residence, a copy of this Court's **ORDER TO SHOW**

**CAUSE** and Petitioner's **PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONSES**, by Mr. Roger Caris, IRS Revenue Officer.  The Petition referenced Civil Action No. 08-MC-84.  A copy of the Petition is attached hereto and annexed as Respondent's **Exhibit "R-35"**.

Attached to the Petition, as shown in **Exhibit "R-35 page 12"**, was a copy of the Internal Revenue Service Summons, dated July 25, 2007.  Although the text is cut off on the left side, the Summons appears to require Respondent to provide certain information relative to the years ending 12/31/2003, 12/31/2004, 12/31/2005, and 12/31/2006.

Approximately halfway down the page, however, the Summons references the years "**2002**, 2004, 2005, and 2006" (Underline emphasis added).  This is an obvious error, causing the document to be defective.

WHEREFORE, Respondent respectfully prays that this Honorable Court deny Petitioner's petition and not compel Respondent to comply with the defective IRS Summons dated July 25, 2007.  Should this Court compel

Respondent to comply with the defective Internal Revenue Service Summons dated July 25, 2007, that action, in itself, would constitute an abuse of process.

### III.

### <u>Petitioner committed perjury in its Declaration regarding the Summons dated July 25, 2007 and the Summons should not be enforced.</u>

Roger Caris, IRS Revenue Officer, in his Declaration dated October 26, 2007, stated as follows:

> "7. *All administrative steps required by the Internal Revenue Code for issuance of a summons have been taken.*"

This Declaration refers to the Summons dated July 25, 2007, and is attached hereto and annexed as **Exhibit "R-35 page 7"**,

In fact, there has never been a "Proposed Individual Income Tax Assessment" (See **Exhibit "R-01"**) or "Notice of Deficiency" (See **Exhibit "R-03"**) issued

to Respondent for the tax years referenced in the Summons, as was done for tax year 2002. As a result, Respondent was denied the administrative remedies available at his disposal to challenge Petitioner's claim that Respondent has a Federal tax liability for the years in question.

Therefore, Roger Caris committed perjury when he falsely claimed that "All administrative steps required by the Internal Revenue Code for issuance of a summons have been taken".

WHEREFORE, Respondent respectfully prays that this Honorable Court deny Petitioner's petition and not compel Respondent to comply with the Internal Revenue Service Summons dated July 25, 2007 because Petitioner committed perjury in his Declaration. Should this Court compel Respondent to comply with the Summons dated July 25, 2007, that action would, in itself, constitute an abuse of process.

## IV.

## <u>Petitioner's Counsel filed a false Petition, and Roger Caris, Revenue Officer committed perjury, by falsely stating that Respondent failed to comply with the Summonses dated July 25, 2007 and September 19, 2007</u>

Petitioner's Counsel filed a false Petition, and Roger Caris, Revenue Officer committed perjury, by falsely stating that Respondent failed to comply with the Summonses dated July 25, 2007 and September 19, 2007. Evidence of perjury is attached hereto and annexed as **Exhibit "R-35 page 5", Exhibit "R-35 page 7 item 5" and Exhibit "R-35 page 11 item 5".**

In fact, Respondent has issued four (4) timely, written, complete responses to the Internal Revenue Service Summonses dated July 25, 2007 and September 19, 2007, offering evidence in the law and the relevant Supreme Court and Appellate Court decisions, supporting Respondent's position that he has no tax liability for

any tax year. Said responses, along with relevant case law, are attached hereto and annexed as follows:

- **Exhibit "R-21"**

- **Exhibit "R-22"**

- **Exhibit "R-24"**

- **Exhibit "R-26"**

- **Exhibit "R-27"**

- **Exhibit "R-30"**

- **Exhibit "R-31"**

- **Exhibit "R-32".**

Therefore, Petitioner's Counsel filed a false Petition and Roger Caris, IRS Revenue Officer, committed perjury when he falsely claimed that Respondent refused to comply with the IRS Summonses dated July 25, 2007 and September 19, 2007.

WHEREFORE, Respondent respectfully prays that this Honorable Court deny Petitioner's Petition and not compel Respondent to comply with the Internal Revenue Service Summonses dated July 25, 2007 and September 19, 2007, because Petitioner's Counsel filed a false

Petition and Roger Caris committed perjury in his Declarations. Should this Court compel Respondent to comply with the Summonses dated July 25, 2007 and September 19, 2007, that action would, in itself, constitute an abuse of process.

V.

**<u>The Internal Revenue Service Summonses, dated July 25th, 2007 and September 19th, 2007, violate relevant sections of 44 USC 3500, and should not be enforced.</u>**

The Paperwork Reduction Act of 1980 (Act) sets forth a comprehensive scheme to reduce the federal paperwork burden on the public by requiring an agency to submit any instrument for the "collection of information" - termed an "information collection request" - to the Office of Management and Budget (OMB) for approval before it may collect the information.

The Act applies to "information collection requests" by a federal agency which are defined as "a

written report form, application form, schedule, questionnaire, reporting or recordkeeping requirement, collection of information requirement, or other similar method calling for the collection of information." 44 U.S.C. 3502(11) (1982 ed., Supp. V).

Typical information collection requests include tax forms, Medicare forms, financial loan applications, job applications, questionnaires, compliance reports, and tax or business records.

When OMB approves an information collection request, it issues a control number which is placed on all forms. If a request does not receive OMB approval, it is not issued a control number and the agency is prohibited from collecting the information. See 44 U.S.C. 3504(c)(3)(A), 3507(f) (1982 ed.). In addition, if the agency nevertheless promulgates the paperwork requirement, members of the public may ignore it without risk of penalty. See 44 U.S.C. 3512 (1982 ed.). However, this protection of the public is applicable only to information-gathering rules.

Section 3512 provides that "no person shall be subject to any penalty for failing to maintain or provide information to any agency if the information collection request involved . . . does not display a current control number assigned by the OMB." The Act allows the public, by refusing to answer these information collection requests, to help control "outlaw forms".

This was affirmed by the United States Supreme Court in **Dole v Steelworkers 494 U.S. 26 (1990)**, attached hereto and annexed as Respondent's **Exhibit "R-31"**, and more recently, by the United States Court of Appeals Tenth Circuit in **United States of America v Jimmy C. Chisum**, Case #06-7082, filed September 25, 2007, attached hereto and annexed as Respondent's **Exhibit "R-32"**.

Neither the Internal Revenue Service Summons, dated July 25, 2007, nor the Internal Revenue Service Summons, dated September 19, 2007, displays a current control number assigned by the OMB.

Further, the Internal Revenue Service failed to inform Respondent that he was not required to respond to the collection of information unless it displayed a valid control number, as required by 44 USC 3512(a)(2).

Therefore, the Internal Revenue Service is prohibited from collecting the information and Respondent may ignore such request for information without risk of penalty. See 44 U.S.C. 3512 (1982 ed.).

WHEREFORE, Respondent respectfully prays that this Honorable Court deny Petitioner's petition and not compel Respondent to comply with the Internal Revenue Service Summonses dated July 25, 2007 and September 19, 2007, because such documents constitute "outlaw forms" and violate 44 U.S.C. 3512. Should this Court compel Respondent to comply with the "outlaw forms", that action would be a violation of the doctrine of precedent, and, in itself, would constitute an abuse of process.

## VI.

## The Petition submitted to this Honorable Court should not be enforced because the Summonses fail to meet the criteria set forth in United States v Powell.

Respondent's research revealed that the Internal Revenue Service relies primarily on *United States v. Powell*, 379 U.S. 48 (1964) to determine the validity of a Summons.  In that case, the Court held that the IRS did not have to satisfy any standard of probable cause in order to issue a valid summons.  All that the Government must show is that the summons meets **all** of the following four criteria:

1. The summons is issued for a legitimate purpose;

2. The summons seeks information that may be relevant to that purpose;

3. The summons seeks information that is not already within the IRS's possession; and

4. The summons satisfies all administrative steps
   required by the Internal Revenue Code.


The Internal Revenue Summonses, dated July 25, 2007
and September 19, 2007, seek all documents and records
Respondent possesses or controls about "income" he
received for the years 2002, 2003, 2004, 2005, and
2006.

Respondent contends that the Summonses fail to meet
the criteria required in United States v Powell 379
U.S. 48 (1964), as stated below:


1. The Summonses are issued for a legitimate purpose.
   Respondent states that he has no "income"
   subject to any income tax law, and the Internal
   Revenue Service is well aware of that fact.
   Respondent states this fact with certainty because
   he has served notice to the Internal Revenue
   Service on numerous occasions of the following
   court cases supporting his position:

- *Butcher's Union vs. Crescent City, 111 US 746, 756 (1884)*

- *Pollock vs. Farmers' Loan and Trust Co., 157 US 429, 629 (1895)*

- *Flint vs. Stone Tracy, 220 US 107, 151 – 152 (1911)*

- *U.S. vs. Whitridge, 231 US 144, 147 (1913)*

- *Stratton's Independence, 231 US 399, 417 (1913)*

- *Merchants' Loan & Trust Co. vs. Smietanka, 255 US 509, 518 – 519 (1921)*

- *Brushaber vs. Union Pacific, 240 US 1, 12 (1916)*

- *Stanton vs. Baltic Mining Co., 240 US 103, 112 -114 (1916)*

- *Doyle vs. Mitchell Bros., 247 U.S. 179, 183 (1918)*

- *Peck vs. Lowe, 247 US 165, 173 (1918)*

- *Southern Pacific vs. Lowe, 247 US 330, 335 (1918)*

- *Evans vs. Gore, 253 US 245, 263 (1920)*

- *Eisner vs. Macomber, 252 US 189, 205 - 206 (1920)*

- *Bowers vs. Kerbaugh-Empire, 271 US 170, 174 (1926)*

- *Jerome H. Sheip Co. vs. Amos, 100 Fla. 863, 130 So. 699, 705 (1930)*

- *Redfield vs. Fisher, 135 Or. 180, 292 P. 813, 819 (Ore. 1930)*

- *Helvering vs. Edison Brothers, 8th Cir. 133 F2d 575 (1943)*

- *U.S. vs. Ballard, 535 F2d 400 (1976)*


It should be noted that the Internal Revenue Service's consistent response to legal arguments based on these cases is to refer to them as "frivolous" and to contend that they have no basis in law, even though they have never been overturned. When challenged in court, the U.S. Attorneys consistently cite U.S. Tax Court cases and

unpublished lower court decisions to refute the U.S. Supreme Court cases, in clear violation of "stare decisis", the doctrine of precedent under which a court must follow earlier judicial decisions when the same points arise again in litigation.

Given the overwhelming evidence that Respondent has no "income" subject to any income tax law, the Summonses are invalid because the IRS has knowingly and fraudulently issued the Summonses for no legitimate purpose.

2. The Summonses seek information that may be relevant to that purpose.

As stated in the paragraph above, Respondent has provided overwhelming evidence that he has no "income" subject to any income tax law, and the Internal Revenue Service has knowingly and fraudulently issued the Summonses for no legitimate purpose.

The Summonses are, therefore, invalid, because there is no relevant purpose for seeking information regarding "income" not subject to any income tax law.

3. The Summonses seek information that is not already within the IRS's possession.

U.S. Attorney Manual Title 6 Tax Resource Manual 27 sets forth the requirements necessary to satisfy the third *Powell* requirement as follows:

> ***The IRS must show that the summoned information is not already in the IRS' possession. As noted above, the simple statement in the IRS agent's declaration that the summoned information is not in the possession of the IRS is sufficient to shift the burden of proof to the party opposing enforcement to come forward with evidence to the contrary.***

The July 25, 2007 Summons seeks records and documents supporting "income" Respondent may have received for the years 2003, 2004, 2005, and 2006. In reviewing the Summons, Respondent noted that the Internal Revenue Service had attached eight (8) pages of documents that appeared to have been extracted from the IRS' computer files (See **Exhibit "R-21 pp3-10)**.

The header on each document indicates that they were extracted on July 24, 2007 on Station Name: HUS026MA2621481 using Document Type "1099-MISC" as the search criteria. Each document shows the "Payer Identity Data" and "Non-Employee Compensation" amounts for tax years 2003, 2004, 2005, and 2006.

These documents provide clear and convincing evidence that the IRS already has in its possession all information necessary to determine "income" for the tax years 2003, 2004, 2005, and 2006, as stated in the Summons.

The September 19, 2007 Summons seeks records and documents supporting "income" Respondent may have received for the tax year 2002.   Respondent had previously been issued a "Proposed Individual Income Tax Assessment" for tax year 2002 with supporting Form 1099 data attached.   Said document is attached hereto and annexed as **Exhibit "R-01"**.   Such data was sufficient for the Internal Revenue Service to issue a "Notice of Deficiency", attached hereto and annexed as **Exhibit "R-03"**.   Further, said "Notice of Deficiency" caused the Internal Revenue Service to levy and confiscate Respondent's assets and harass and intimidate Respondent's clients.   Evidence of such actions are attached hereto and annexed as follows:

- **Exhibit "R-16"**

- **Exhibit "R-18"**

- **Exhibit "R-19"**

- **Exhibit "R-25"**

- **Exhibit "R-33"**

Respondent has reason to believe that Roger Caris, IRS Revenue Officer, made a false and misleading statement to the U.S. Attorney that the summoned information is not in the possession of the Internal Revenue Service, thereby rendering the Summons unenforceable.

Therefore, the September 19, 2007 Summons is invalid and "unnecessary" because it fails to satisfy the requirement that the information sought is not already within the IRS' possession, as set forth in *United States v. Powell*, 379 U.S. 48 (1964).

4. The summons meets all administrative requirements

26 USC 7602(c) sets forth the requirement that, prior to the issuance of a Summons, the Internal Revenue Service must notify Respondent of contact with third parties with respect to the determination or collection of a tax liability, as follows:

**(c)** *Notice of contact of third parties*

**(1)** *General notice*

An officer or employee of the Internal Revenue Service may not contact any person other than the taxpayer with respect to the determination or collection of the tax liability of such taxpayer without providing reasonable notice in advance to the taxpayer that contacts with persons other than the taxpayer may be made.

**(2)** *Notice of specific contacts*

The Secretary shall periodically provide to a taxpayer a record of persons contacted during such period by the Secretary with respect to the determination or collection of the tax liability of such taxpayer. ***Such record shall also be provided upon request of the taxpayer.*** (Emphasis added).

**(3)** *Exceptions*

*This subsection shall not apply—*

*(A) to any contact which the taxpayer has authorized;*

*(B) if the Secretary determines for good cause shown that such notice would jeopardize collection of any tax or such notice may involve reprisal against any person; or*

*(C) with respect to any pending criminal investigation.*

Further, U.S. Attorney Manual Title 6 Tax Resource Manual 27 sets forth the requirements necessary to satisfy the fourth *Powell* requirement as follows:

*The fourth element of the Powell test is that the IRS comply with the administrative steps required by the Code. These steps include service on the summoned party and,*

*in the case of a third-party summons, notice to any person identified in the summons.*

*Courts occasionally have excused minor failures to comply with the required administrative steps provided that the taxpayer has not been prejudiced thereby. United States v. Texas Heart Inst., 755 F.2d 469, 478 (5th Cir. 1985) (provided that the taxpayer has had "every benefit of the administrative steps required by the Code, a failure by the IRS to meet the technical niceties of the statute will not bar enforcement") (emphasis in original), overruled on other grounds, United States v. Barrett, 837 F.2d 1341 (5th Cir. 1988); United States v. Privitera, 75 A.F.T.R.2d*

(RIA) 1266, 1266 (9th Cir. 1995) **("_Minor_**
**_violations will be excused where the IRS_**
**_acts in good faith and there is no_**
**_prejudice to the taxpayer.")._** (Emphasis
added)


But even though the Sixth Circuit allowed
enforcement of a summons despite a
nonprejudicial administrative deficiency,
it cautioned that it expected the IRS to
strictly adhere to all administrative
niceties in future cases. See Cook v.
United States, 104 F.3d 886 (6th Cir.
1997). **_In other words, "technical"_**
**_violations should be not treated lightly._**
(Emphasis added)


Respondent acknowledges notice of third party
contact under 7602(c), as evidenced in Roger Caris'
letter dated February 9, 2007, attached hereto and

annexed as **Exhibit "R-15"**.   Respondent calls attention to the last paragraph of that letter, which reads as follows:

> **"If you have any questions regarding this letter or wish to request a list of contacts, please do not hesitate to contact us at the telephone number listed above."**

In response, Respondent made the following request in his letter of March 16, 2007, attached hereto and annexed as **Exhibit "R-17"**, as provided for in 26 USC 7602(c)(2):

> **"So, please let this letter serve as my formal request to be provided with a list of all persons contacted by any employee, contractor, agent, officer, or other representative of the Internal Revenue Service, along with the name(s) and employee number(s) of any employee(s),**

*contractor(s), agent(s), officer(s) or other representative(s) of the Internal Revenue Service who contacted them."*

To date, the Internal Revenue Service has failed to provide the information requested, in clear violation of 26 USC 7602(c)(2).

The Summonses, dated July 25, 2007 and September 19, 2007, therefore, are invalid because they fail the fourth Powell test that they "meet all administrative requirements".

Respondent has now provided sufficient evidence demonstrating that enforcement of the Internal Revenue Service Summonses dated July 25, 2007 and September 19, 2007 would be an abuse of process because said Summonses fail to satisfy all of the requirements set forth in *United States v. Powell*, 379 U.S. 48 (1964).

WHEREFORE, Respondent respectfully prays that this Honorable Court deny Petitioner's petition and not

compel Respondent to comply with the Internal Revenue Service Summonses dated July 25, 2007 and September 19, 2007, because the Summonses fail to satisfy all of the requirements set forth in *United States v. Powell*, 379 U.S. 48 (1964). Should this Court compel Respondent to comply with the Summonses dated July 25, 2007 and September 19, 2007, that action would, in itself, would constitute an abuse of process.

## VII.

### The United States Constitution, relevant U.S. Supreme Court rulings, and Appellate Court rulings prohibit the imposition of a direct tax on individuals without the rule of apportionment.

The Constitution of the United States prohibits a direct un-apportioned tax in two places: *Article 1, Section 2, Clause 3* and *Article 1, Section 9, Clause 4*.

Article 1, Section 2, Clause 3:

*"Representatives and direct Taxes shall be apportioned among the several states which may be included in this Union, according to their respective Numbers….."*

Article 1, Section 9, Clause 4: *"No Capitation, or other direct, Tax shall be laid, unless in Proportion to the Census or enumeration herein before directed to be taken."*

This prohibition against a direct un-apportioned tax remains in full force and effect today.

The 16th Amendment (Passed by Congress July 2, 1909. Ratified February 3, 1913) states the following:

*"The Congress shall have power to lay and collect taxes on incomes, from whatever source derived, without apportionment among*

***the several States, and without regard to
any census or enumeration."***

The Internal Revenue Service falsely states that
the Constitution and the 16th Amendment authorize a tax
on every individual.   Title 26 does not meet the
requirement of "apportionment".   In fact, no
"apportioned" direct tax has been levied on the general
population since 1861.

The following cases show that such claim by the
Internal Revenue Service that the Constitution and the
16th Amendment authorize a tax on every individual is
false and fraudulent.

CHAS. C. STEWARD MACH. CO. v. DAVIS, 301
U.S. 548, 581 (1937): ***"If the tax is a
direct one, it shall be apportioned
according to the census or enumeration. If
it is a duty, impost, or excise, it shall
be uniform throughout the United States.***

*Together, these classes include every form of tax appropriate to sovereignty."*

STEWARD, 301 U.S. 548, 582 (1937): *"'Although there have been, from time to time, intimations that there might be some tax which was not a direct tax, nor included under the words 'duties, imposts, and excises,' such a tax, for more than 100 years of national existence, has as yet remained undiscovered, notwithstanding the stress of particular circumstances has invited thorough investigation into sources of revenue.'*

STATE OF RHODE ISLAND v. COM. OF MASSACHUSETTS, 37 U.S. 657 (1838): *"The government of the United States may, therefore, exercise all, but no more than all the judicial power provided for it by*

_**the    constitution." 37   US   657,   672.**_

*(Underline emphasis)*

Murdock vs. Com. of Penn., 319 US 105, at 113; 63 S Ct at 875; 87 L Ed at 1298 (1943): **"A state may not impose a charge for the enjoyment of a right granted by the Federal Constitution."**

Pollock vs. Farmers' Loan and Trust Co. on _**original intent**_, 157 US 429, 582 (1895). **"Nothing can be clearer than that what the constitution intended to guard against was the exercise by the general government of the power of directly taxing persons and property within any state through a majority made up from the other states."**

Brushaber vs. Union Pacific, 240 US 1, 12 (1916), on _**original intent**_, **"... the all**

*embracing character of the two great classifications, including, on the one hand, Direct Taxes subject to apportionment, and on the other, excises, duties, and imposts subject to uniformity, held the law to be unconstitutional in substance for these reasons: <u>concluding that the classification of Direct was adopted for the purpose of rendering it impossible to burden by taxation accumulations of property, real or personal, except subject to the regulation of apportionment, ...</u>" (Underline emphasis)*

The 10th Amendment to the Constitution states: **"The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the People."**

Pollock vs. Farmers' Loan and Trust Co., 157 US 429, 629 (1895): *"Excise' is defined to be an inland imposition, sometimes upon the consumption of the commodity, and sometimes upon the retail sale; sometimes upon the manufacturer, and sometimes upon the vendor."*

Knowlton vs. Moore, 178 US 41, 47 (1900): *"Direct Taxes bear upon persons, upon possession and the enjoyment of rights"*;

FLINT v STONE TRACY, 220 US 107, 151 - 152 (1911): *"Duties and imposts are terms commonly applied to levies made by governments on the importation or exportation of commodities. Excises are 'taxes laid upon the manufacture, sale, or consumption of commodities within the country, upon licenses to pursue certain occupations, and* <u>*upon corporate*</u>

*privileges*.' *Cooley, Const. Lim. 7th ed. 680.*" (Underline emphasis)

Pollock, 157 US 429, 556 (1895); **"Thus, in the matter of taxation, the constitution recognizes the two great classes of direct and indirect taxes, and lays down two rules by which their imposition must be governed, namely, the rule of apportionment as to direct taxes, and the rule of uniformity as to duties, imposts, and excises."**

The Code of Federal Regulations cites direct and indirect taxes in 19 CFR 351.102 Definitions.

*Direct tax.* ``*Direct tax*'' *means a tax on wages, profits, interests, rents, royalties, and all other forms of income, a tax on the ownership of real property, or a social welfare charge.*

*Indirect tax. ``Indirect tax'' means a sales, excise, turnover, value added, franchise, stamp, transfer, inventory, or equipment tax, a border tax, or any other tax other than a direct tax or an import charge.*

See above Brushaber vs. Union Pacific, 240 US 1, 12 (1916), on *original intent.*

U.S. vs. Whitridge, 231 US 144, 147 (1913): **"As repeatedly pointed out by this court, the corporation tax law of 1909... imposed an excise or privilege tax, and not in any sense a tax upon property or upon income merely as income.";**

MERCHANTS' LOAN & TRUST CO. v SMIETANKA, 255 US 509, 518 - 519 (1921): **"The Corporation Excise Tax Act of August 5, 1909, was not an income tax law, but a**

*definition of the word 'income' was so necessary in its administration…"* "It is obvious that these decisions in principle rule the case at bar if the word 'income' has the same meaning in the Income Tax Act of 1913 that it had in the Corporation Excise Tax Act of 1909, and that it has the same scope of meaning was in effect decided in Southern Pacific v Lowe…, where it was assumed for the purpose of decision that there was no difference in its meaning as used in the act of 1909 and in the Income Tax Act of 1913. There can be no doubt that the word must be given the same meaning and content in the Income Tax Acts of 1916 and 1917 that it had in the act of 1913. When we add to this, Eisner v Macomber…the definition of 'income' which was applied was adopted from Stratton's Independence v Howbert, supra, arising under the*

*Corporation Excise Tax Act of 1909… there would seem to be no room to doubt that <u>the word must be given the same meaning in all the Income Tax Acts of Congress that was given to it in the Corporation Excise Tax Act,</u> and that what that meaning is has now become definitely settled by decisions of this Court."* (Underline emphasis)

EISNER v MACOMBER, 252 US 189, 205 – 206 (1920): *"The 16[th] Amendment must be construed in connection with the taxing clauses of the original Constitution and the effect attributed to them before the amendment was adopted."*

*"As repeatedly held, this did not extend the taxing power to new subjects…"*

*"…it becomes essential to distinguish between what is and is not 'income', as the term is there used.."*

*"…we find little to add to the succinct definition adopted in two cases arising under the Corporation Tax Act of 1909…(Stratton's and Doyle)"*

SOUTHERN PACIFIC CO. v. LOWE, 247 U.S. 330, 335 (1918): *"We must reject in this case, as we have rejected in cases arising under the Corporation Excise Tax Act of 1909, the broad contention submitted on behalf of the government that all receipts, everything that comes in, are income within the proper definition of the term 'gross income'. Certainly the term 'income' has no broader meaning in the Income Tax Act of 1913 than in that of 1909, and for the present purpose we assume there is no difference in its meaning as used in the two acts."*

FLINT v. STONE TRACY CO., 220 U.S. 107, 162 (1911): *"In the case at bar we have already discussed the limitations which the Constitution imposes upon the right to levy excise taxes, and* <u>*it could not be said,*</u> *even if the principles of the 14th Amendment were applicable to the present case,* <u>*that there is no substantial difference between the carrying on of business by the corporations taxed, and the same business when conducted by a private firm or individual.*</u> *The thing taxed is not the mere dealing in merchandise, in which the actual transactions may be the same, whether conducted by individuals or corporations, but* <u>*the tax is laid upon the privileges which exist in conducting business with the advantages which inhere in the corporate capacity of those taxed,*</u>

<u>**and which are not enjoyed by private firms**</u>

<u>**or individuals."**</u> (Underline emphasis)

Stratton's Independence, 231 US 399, 417 (1913): **"*Evidently Congress adopted <u>the</u>***

<u>***income as the measure of the tax to be***</u>

<u>***imposed with respect to the doing of***</u>

<u>***business in corporate form***</u> *because it*

*desired that the excise should be imposed,*

*approximately at least, with regard to the*

*amount of benefit presumably derived by*

*such corporations from the current*

*operations of the government. In Flint v.*

*Stone Tracy Co. 220 U.S. 107, 165, 55 S. L.*

*ed. 107, 419, 31 Sup. Ct. Rep. 342, Ann.*

*Cas. 1912 B. 1312, it was held that*

*Congress, in exercising the right to tax a*

*legitimate subject of taxation as a*

*franchise [231 U.S. 399, 417] or privilege,*

*was not debarred by the Constitution from*

measuring the taxation by the total income, although derived in part from *property which, considered by itself, was not taxable.*" (Underline emphasis);

Sims v. Ahrens et al., 271 SW Reporter at 730: "*Income is necessarily the product of the joint efforts of the state and the recipient of the income,* the state furnishing the protection necessary to enable the recipient to produce, receive, and enjoy it, and a tax thereon in the last analysis is simply a portion cut from the income and appropriated by the state as its share…" (Underline emphasis)

Redfield v. Fisher, 135 Or. 180, 292 P. 813, 819 (Ore. 1930): "*The individual, unlike the corporation, cannot be taxed for the mere privilege of existing. The*

*corporation is an artificial entity which owes its existence and charter powers to the state; but the individual's rights to live and own property are natural rights for the enjoyment of which an excise cannot be imposed."* (Underline emphasis)

Doyle v. Mitchell Bros., 247 U.S. 179, 183 (1918): *"An examination of these and other provisions of the Act (Corporation Excise Tax Act of August 5, 1909) make it plain that the legislative purpose was not to tax property as such, or the mere conversion of property, but to tax the conduct of the business of corporations organized for profit upon the gainful returns from their business operations."* (Underline emphasis)

STANTON v BALTIC MINING CO., 240 US 103, 112 -114 (1916): *"Not being within the*

*authority of the 16th Amendment, the tax is therefore, within the ruling of Pollack… <u>a direct tax and void for want of compliance with the regulation of apportionment.";</u>*
(Underline emphasis)


STANTON v BALTIC MINING CO., 240 US 103, 112 -114 (1916): *"…it was settled in Stratton's Independence… that such tax is not a tax upon property… <u>but a true excise levied on the result of the business..."</u>*
(Underline emphasis);


Jerome H. Sheip Co. v. Amos, 100 Fla. 863, 130 So. 699, 705 (1930): *"A man is free to lay hand upon his own property. <u>To acquire and possess property is a right, not a privilege ... The right to acquire and possess property cannot alone be made the subject of an excise</u> .... nor, generally*

*speaking, can an excise be laid upon the mere right to possess the fruits thereof, as that right is the chief attribute of ownership."* (Underline emphasis);

U.S. v. BALLARD, 535 F2d 400 (1976): **"Gross income and not 'gross receipts' is the foundation of income tax liability…"** At 404, **"The general term 'income' is not defined in the Internal Revenue Code."** At 404, **"… 'gross income' means the total sales, less the cost of goods sold, plus any income from investments and from incidental or outside operations or sources."**

Doyle vs. Mitchell, 247 US 179, at 183, at 185 (1918): **"Whatever difficulty there may be about a precise and scientific definition of 'income"; it imports, as used**

**here, something entirely distinct from principal or capital either as a subject of taxation or as a measure of the tax; conveying rather the idea of gain or increase arising from corporate activities.**" *(Underline emphasis)*;

Evans vs. Gore, 253 US 245, 263 (1920); "**... It manifestly disregards the fact that by the previous ruling it was settled that the provisions of the 16th Amendment conferred no new power of taxation.**" (Underline emphasis);

Brushaber vs. Union Pacific, 240 US 1, 12 (1916), "**... the whole purpose of the Amendment was to relieve all income taxes when imposed from apportionment from a consideration of the source...**" and "**...on the contrary shows that it was drawn with**

*the object of maintaining the limitations of the Constitution and harmonizing their operation."* (Underline emphasis);

Peck vs. Lowe, 247 US 165, 173 (1918); *"The Sixteenth Amendment, although referred to in argument, has no real bearing and may be put out of view. As pointed out in recent decisions, <u>it does not extend the taxing power to new or excepted subjects…</u>"* (Underline emphasis)

Bowers vs. Kerbaugh-Empire, 271 US 170, 174 (1926), *"<u>It was not the purpose or effect of that Amendment to bring any new subject within the taxing power.</u>"* (Underline emphasis);

Helvering vs. Edison Brothers, 8th Cir. 133 F2d 575 (1943); *"The Treasury cannot by*

*interpretive regulation make income of that which is not income within the meaning of the revenue acts of Congress,* <u>*nor can Congress, without apportionment, tax that which is not income*</u> *within the meaning of the 16th Amendment."*;

Also see Southern Pacific vs. Lowe, 247 US 330, 335 (1918); Butcher's Union vs. Cresent City, 111 US 746, 756 (1884) **"It has been well said that the property which every man has in his own labor, as it is the original foundation of all other property, so it is the most sacred and inviolable.**";

Pollock, 157 US 429, 556, 573, 582, and 436-441 (1895), **"No capitation, or other direct, tax shall be laid, unless in proportion to the census…."** And, **"As to the**

*states and their municipalities, this (contributions to expense of government) is reached largely through the imposition of direct taxes. <u>As to the federal government, it is attained in part through excises and indirect taxes upon luxuries and consumption generally, to which direct taxation may be added to the extent the rule of apportionment allows.</u>";*

Flint vs. Stone Tracy, 220 US 107, 161, 165 (1911); Coppage vs. State of Kansas, 236 US 1, 23-24 (1915), *"The court held it unconstitutional, saying: 'The right to follow any lawful vocation and to make contracts is as completely within the protection of the Constitution as the right to hold property free from unwarranted seizure, or the liberty to go when and where one will. One of the ways of*

*obtaining property is by contract. <u>The right, therefore, to contract cannot be infringed by the legislature without violating the letter and spirit of the Constitution</u>. Every citizen is protected in his right to work where and for whom he will. He may select not only his employer, but also his associates."* (Underline emphasis);

Truax vs. Corrigan, 257 US 312, 348 (1921); **"That <u>the right to conduct a lawful business</u>, and thereby acquire pecuniary profits, <u>is property</u>, is indisputable."**

Meyer vs. State of Nebraska, 262 US 390, 399 (1923); **<u>Without doubt, it denotes</u>** not merely freedom from bodily restraint but also <u>the right of the individual to</u>

*contract,* *to engage in any of the common occupations of life...*"

Sims vs. Ahrens, 167 Ark. 557; 271 S.W. 720, 730-733 (1925), "**The legislature has no power to declare as a privilege and tax for revenue purposes, occupations that are of common right...**" (Underline emphasis);

Taft vs. Bowers, 278 US 470, 481 (1929); "*Under former decisions here the settled doctrine is that the Sixteenth Amendment confers no power upon Congress to define and tax as income without apportionment something which theretofore could not have been properly regarded as income.*";

Jack Cole vs. MacFarland, 337 S.W. 2d 453, 455-56 (Tenn. 1960), "**Realizing and receiving income or earnings is not a privilege that can be taxed**." ... "**Since the right to receive income or earnings is**

**_a right belonging to every person. This_**

**_right cannot be taxed as a privilege._**"

(Underline emphasis)


Respondent has now provided sufficient evidence demonstrating that enforcement of the Internal Revenue Service Summonses dated July 25, 2007 and September 19, 2007 would be an abuse of process because said Summonses impose a direct tax on Respondent without apportionment, in violation of the U.S. Constitution.


WHEREFORE, Respondent respectfully prays that this Honorable Court deny Petitioner's petition and not compel Respondent to comply with the Internal Revenue Service Summonses dated July 25, 2007 and September 19, 2007, because the U.S. Constitution prohibits the imposition of a direct tax on individuals without apportionment. Should this Court compel Respondent to comply with the Summonses dated July 25, 2007 and September 19, 2007, that action would be a violation of

the U.S. Constitution and the doctrine of "stare decisis", and, in itself, would constitute an abuse of process.

Wherefore, in this response to the United States of America's **Petition to Enforce Internal Revenue Service Summonses**, Respondent has now provided sufficient evidence demonstrating that enforcement of the Internal Revenue Service Summonses dated July 25, 2007 and September 19, 2007 would be an abuse of process.

Respondent now prays that this Honorable Court dismiss, with prejudice, Petitioner's **Petition To Enforce Internal Revenue Service Summonses**.

Dated: April 15, 2008

Respectfully submitted,

_Robert A. McNeil_
Robert A. McNeil
Pro Se Respondent
4400 Memorial Dr. #1200
Houston, TX 77007
(713) 806-5199

## Appendix to Exhibits

| Exhibit No. | Date | Description | No. Pages |
|---|---|---|---|
| R-01 | 07/25/05 | 2002 IRS Proposed Individual Income Tax Assessment | 23 |
| R-02 | 08/25/05 | 2002 RAM Administrative Notice of Debt Not Owed | 16 |
| R-03 | 10/17/05 | 2002 IRS Notice of Deficiency | 27 |
| R-04 | 01/13/06 | 2002 RAM Petition for Redetermination to US Tax Court | 6 |
| R-05 | 01/21/06 | 2002 RAM Claim for Damages and Demand for Payment | 10 |
| R-06 | 05/04/06 | 2002 IRS Letter from Scott Prentky Ogden Utah Field Director | 8 |
| R-07 | 06/26/06 | 2002 US Tax Court Notice Setting Case For Trial | 6 |
| R-08 | 07/06/06 | 2002 IRS Letter from Office of Chief Counsel Houston | 8 |
| R-09 | 07/26/06 | 2002 RAM Stipulations for Trial v1 - W Lance Stodghill | 32 |

| Exhibit No. | Date | Description | No. Pages |
|---|---|---|---|
| R-10 | 09/06/06 | 2002 IRS Letter from W Lance Stodghill Revised Stipulation of Facts | 35 |
| R-11 | 09/18/06 | 2002 RAM Letter to W Lance Stodghill Declining to Sign Stipulation of Facts | 5 |
| R-12 | 10/06/06 | 2002 RAM Motion to Dismiss Sent to Judge Mark V Holmes | 9 |
| R-13 | 10/20/06 | 2002 US Tax Court Order Denying Motion to Dismiss | 2 |
| R-14 | 11/01/06 | 2002 US Tax Court Order of Dismissal and Decision | 3 |
| R-15 | 02/09/07 | IRS Roger Caris Letter – First Contact | 2 |
| R-16 | 03/06/07 | 2002 IRS Notice of Tax Due on Federal Tax Return | 10 |
| R-17 | 03/16/07 | RAM Reply to IRS Letter of 20070209 | 10 |
| R-18 | 06/01/07 | 2002 IRS Notice of Federal Tax Liens | 30 |
| R-19 | 07/06/07 | 2002 IRS Notice of Levy to Wells Fargo Bank | 1 |

| Exhibit No. | Date | Description | No. Pages |
|---|---|---|---|
| R-20 | 07/24/07 | 2003-2006 IRS 1099 Data UNREDACTED | 8 |
| R-21 | 07/25/07 | 2003-2006 IRS Summons for Tax Returns | 40 |
| R-22 | 08/09/07 | 2003-2006 RAM 1st Response to Summons | 25 |
| R-23 | 08/16/07 | 2003-2006 DOJ R Scott Shieldes Enforcement of Summons | 4 |
| R-24 | 09/13/07 | 2003-2006 REDACTED RAM 2nd Response to Summons | 79 |
| R-25 | 09/14/07 | 2002 IRS Notice of Levy | 2 |
| R-26 | 09/17/07 | 2002 IRS Summons for Tax Information | 9 |
| R-27 | 10/05/07 | 2002 RAM 1st Response to Summons for Information | 35 |
| R-28 | 10/18/07 | 2002 DOJ R Scott Shieldes Enforcement of Summons | 4 |
| R-29 | 10/24/07 | 2002 RAM Constructive Notice of Fraud to DOJ and IRS | 32 |
| R-30 | 10/26/07 | 2002 RAM 2nd Response to Summons | 16 |

| Exhibit No. | Date | Description | No. Pages |
|---|---|---|---|
| R-31 | 10/26/07 | Dole v Steelworkers 494 US 26 1990 | 17 |
| R-32 | 10/26/07 | USA v Jimmy Chisum No 06-7082 | 15 |
| R-33 | 11/16/07 | 2002 IRS Notice of Levy | 3 |
| R-34 | 03/05/08 | US District Court Order to Show Cause | 4 |
| R-35 | 03/29/08 | IRS Petition to Enforce Summonses | 13 |

## Audio Files

| | | | Minutes |
|---|---|---|---|
| R-36 | 08/21/06 | Robert A McNeil Audio from IRS Meeting | 20:27 |
| R-37 | 09/14/07 | Robert A McNeil Audio from IRS Meeting | 13:20 |
| R-38 | 10/05/07 | Robert A McNeil Audio from IRS Meeting | 7:45 |
| R-39 | 10/26/07 | Robert A McNeil Audio from IRS Meeting | 6:23 |

## Additional Exhibit

| | | | |
|---|---|---|---|
| R-40 | 04/14/08 | Fax from M. Kathryn Bellis ~ Copy of Original signed Petition | 12 |

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing paper was served on M. Kathryn Bellis by sending it by United Parcel Service (UPS) on April 15, 2008 in a paper box addressed to M. Kathryn Bellis at 8701 S. Gessner, Suite 710, Houston, Texas 77074-2915.


Dated:  April 15, 2008


_____
Robert A. McNeil
Pro Se Respondent



## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

The Clerk's Office was unable to scan attachments to this document. The original(s) will be maintained by the Clerk.

_____
Deputy Clerk

_____
Date   4/18/08

1 Exp. Fldr - Filcroom
Exhibits